UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| GARNETT GIBSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 08-118-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AMERICAN MINING INSURANCE | ) | **AND ORDER** |
| CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants filed a Motion for Reconsideration, R. 44, in which they ask the Court to reconsider its Order remanding this case to Knott Circuit Court. In the alternative, Defendants request that the Court certify to the Supreme Court of Kentucky the question of whether the Unfair Claims Settlement Practices Act (UCSPA) permits bad faith claims against individual claims adjusters. *Id.* Since the Court does not have jurisdiction to reconsider its ruling, the motion is denied in its entirety.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." That is what occurred in this case. Because the Court concluded that Larry Clevinger and Genevieve Stanley, the two Defendants who share Kentucky citizenship with Plaintiffs, were not fraudulently joined, complete diversity was not present and thus the Court lacked subject matter jurisdiction. *See* R. 41. According to § 1447(d), "[a]n order remanding a case to the State court from which it was

removed is not reviewable on appeal or otherwise . . . ."[1]

The Sixth Circuit has strongly suggested that § 1447(d) precludes a district court from reviewing its own remand order by way of Fed. R. Civ. P. 59, but it does not appear to have definitively addressed this issue, at least in any published decisions.  In *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999), the Sixth Circuit stated, "[a]lthough we have not previously addressed this specific issue, the language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state court divests a district court of jurisdiction such that it may not take any further action on the case."  *See also Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 519 (6th Cir. 2001) ("[C]ertification of only a § 1477(c) remand order to a state court divests a federal court of jurisdiction.").[2]  The *Brierly* court ultimately did not have to address the issue, and thus, its statement is only dicta.  Subsequent unpublished decisions by the Sixth Circuit have split on whether a district court has jurisdiction to reconsider its remand order.[3]  *Compare Pearson v. Int'l Union*, 99 F. App'x 46, 53 (6th Cir. 2004) (not referencing *Brierly* and holding that the district court did not err in reconsidering its remand order because the district court had authority to review its remand order under Rule 59), *with Cook v.*

---

[1] This prohibition on review applies when a case is remanded for a reason authorized by § 1447(c), such as subject matter jurisdiction, which is the case here.  *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).").

[2] The Clerk of the Court mailed a certified copy of the Court's remand order on October 16, 2008, to the Knott Circuit Court.  *See* R. 41, docket entry.

[3] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007).  Accordingly, the Court considers such decisions for their persuasive value only.  *See id.*

*Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001) (referencing *Brierly* and holding that the district court did not err in refusing to reconsider its remand order under Rule 59 because a "remand to state court pursuant to § 1447(c) divests the federal district court of jurisdiction").

As far as other circuits, several have interpreted § 1447(d) as prohibiting a district court from reconsidering its remand order. *See In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) (issuing writ of mandamus instructing a district court that had reconsidered its remand order to remand the case to state court because "a federal court loses jurisdiction over a case as soon as its order to remand the case is entered" and "[f]rom that point on, it cannot reconsider its ruling"); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir. 1992) (affirming district court's denial of a motion for reconsideration of its remand order because it "is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case"); *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (holding that the district court did not have jurisdiction to reconsider its order remanding the case to state court); *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (issuing writ of mandamus instructing a district court that had vacated its remand order to remand the case to state court because § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court"); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) ("Not only may the [remand] order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court."); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252–53 (1st Cir. 1969) ("[T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for

an appellate court requiring it to do so.  Both are foreclosed; nothing could be more inclusive than

the phrase 'on appeal or otherwise.'").  District courts in the Sixth Circuit likewise have held they

lack jurisdiction to reconsider their remand orders.  *See, e.g., Cassidy v. W. Marine Prods.*, No.

1:05-CV-2223, 2007 WL 2286329, at *2 (N.D. Ohio Aug. 6, 2007); *Patilla v. Wal-Mart Stores,*

*Inc.*, No. 06-12641, 2006 WL 2375947, at *1 (E.D. Mich. Aug. 16, 2006); *Oliver v. Sun Life*

*Assurance Co. of Can.*, 417 F. Supp. 2d 865, 867 (W.D. Ky. 2005).  Based on *Brierly* and the

litany of other circuit decisions, the Court concludes it lacks jurisdiction to address Defendants'

Motion for Reconsideration.

Moreover, even if the Court had jurisdiction, it would deny Defendants' motion on the

merits.  Under Fed. R. Civ. P. 59(e), a motion to alter, amend, or vacate may be granted if there is

a clear error of law, newly discovered evidence, or an intervening change in controlling law or to

prevent manifest injustice.  *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th

Cir. 1999).  Defendants' motion demonstrates none of these.  Instead, they contend the Court

should reconsider its discussion of *Davidson*, and that a newly issued Kentucky Court of Appeals

decision, *Cincinnati Ins. Co. v. Hofmeister*, --- S.W.3d ----, 2008 WL 4601140 (Ky. Ct. App.

Oct. 17, 2008), further demonstrates the lack of merit in Plaintiffs' claims.  As to Defendants' first

point, Rule 59(e) motions cannot serve simply as "an opportunity to re-argue a case."  *Sault Ste.*

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  As to their

reliance on *Hofmeister*, as an appellate decision it does not represent controlling law.  Even if it

were controlling, it in no way addresses whether a plaintiff may state a bad faith claim under the

UCSPA against individual claims adjusters, such as Clevinger and Stanley.  Thus, *Hofmeister*

does not change the Court's conclusion that Gibson has a colorable basis for the statutory bad

faith claim against Clevinger and Stanley.  Subject matter jurisdiction, therefore, is still lacking.

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration and, in the alternative, to Certify a Question to the Supreme Court of Kentucky, R. 44, is **DENIED**.

This the 7th day of November, 2008.

**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**

-5-